IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Stephon L. Hill, #197404, *aka* *Stephon Lamont Hill*,<br><br>      Plaintiff,<br><br>v.<br><br>Mary P. Miles, Attorney,<br><br>      Defendant. | C/A No.  8:07-174-JFA-BHH<br><br><br><br>**ORDER** |

This matter is before the court for review of the Magistrate Judge's Report and Recommendation made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b)(1).

The *pro se* plaintiff is an inmate at the Kirkland Correctional Institute of the South

1

Carolina Department of Corrections. The plaintiff brings this action pursuant to 42 U.S.C. § 1983. Plaintiff hired the defendant, attorney Mary P. Miles, to represent him in a personal injury matter in June 2003. Plaintiff alleges that the defendant failed to help him get medical treatment at Kirkland for the injuries sustained from his accident and that the defendant failed to file a case after he turned down a settlement offer, before the statute of limitations had run. He seeks his "settlement money" and medical treatment.

In a detailed Report and Recommendation, the Magistrate Judge recommends that the complaint is subject to summary dismissal of the claims against Ms. Miles because she has not acted under color of state law. The Report adequately summarizes the facts of this matter and legal standards so such will not be repeated herein.

The plaintiff was advised of his right to file objections to the Report and Recommendation, which was entered on the docket on February 6, 2007. On February 15, 2007, the plaintiff filed a one-page "written objection" to the Report. The plaintiff simply states that he "had no way of knowing the statue [sic] of limitation. When Attorney Mary P. Miles told me it was three (3) years, the 'three (3) years' were up." The plaintiff filed a timely response to the Report and the court has conducted the required *de novo* review.

After carefully reviewing the applicable law, the record in this case, the Report and Recommendation, and the objections thereto, the court agrees with the Magistrate Judge's recommendation and incorporates the Report herein by reference.

Accordingly, this action is dismissed without prejudice and without issuance and service of process.

IT IS SO ORDERED.

March 23, 2007
Columbia, South Carolina

Joseph F. Anderson, Jr.
United States District Judge